**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ARMANDO LUGO, JR., and TRACEY )
VOLLBERG,                        )
                                 )
                Plaintiffs,      )          No. CIV 13-1418-TUC-CKJ
                                 )
vs.                              )          **ORDER**
                                 )
QWEST   CORPORATION   dba)
CENTURYLINK QC, et al.,          )
                                 )
                Defendants.      )
_____)

Pending before the Court are the Motions to Dismiss (Docs. 5 and 21) and the Motion to Remand (Doc. 16). The parties presented oral argument to the Court on January 27, 2014.

*Factual and Procedural Background*

On July 12, 2013, Armando Lugo, Jr. And Tracey Vollberg, surviving natural parents of a deceased juvenile ("JML") (collectively, "Plaintiffs") filed a Complaint in the Pima County Superior Court. The Complaint alleges gross negligence against Qwest Corporation d/b/a CenturyLink QC, Qwest Communications Company LLC dba CenturyLink QCC, Century Link, Inc. (collectively "CenturyLink"), Diana Voss ("Voss") and John Doe Voss, and Cassidian Communications, Inc. ("Cassidian") (collectively "Defendants).

As a basis for their claim, Plaintiffs allege CenturyLink agreed to undertake and successfully complete the Cassidian Vesta Meridian E911 Installation Project (the "Project") for the City of Tucson ("Tucson"). Part of the Project was the redesign of the multiple trunk group 911 network. CenturyLink and Cassidian agreed jointly to coordinate and be

1    responsible for computer programming for the Project.  Voss served as the manager of the

2    Project.

3         Plaintiffs allege Defendants knew or had reason to know the accuracy of the computer

4    programming (including the accuracy of the trunk line labeling) was essential to the proper

5    functioning of the Automatic Location Information/Automatic Number Information

6    ("ALI/ANI") feature of the Tucson's 911 system,  errors would cause the ALI/ANI feature

7    of the 911 system to malfunction or function only intermittently, and malfunctions would

8    create an unreasonable risk of bodily injury to others as well as the high probability that

9    substantial harm would result.  Plaintiffs allege that one or more of the trunk lines were

10   mislabeled, resulting in ALI/ANI information not reaching the computer screens of the

11   Tucson 911 call takers.

12        Plaintiffs further allege the modified 911 system was brought online on May 25, 2011.

13   Several different types of problems arose, including the ALI/ANI information being

14   intermittently dropped from 911 calls.  The malfunction was reported to Voss on May 27,

15   2011.

16        Plaintiffs also allege JML was taken to the Continent Urgent Care Center ("the

17   Center") on June 1, 2011, when she suffered an asthma attack.  Personnel from the Center

18   called 911.  The 911 call was routed through a mislabeled trunk line, resulting in the caller's

19   address not appearing on the 911 call taker's computer screen.  The ambulance was

20   dispatched to an incorrect address, delaying the EMT's and paramedics from arriving to

21   provide the care needed by JML.

22        Plaintiffs allege JML died as a direct and proximate consequence of Defendants' gross

23   negligence in mislabeling the trunk line and failing to correct the error in time to save JML's

24   life.

25        Defendants CenturyLink and Voss removed the action to this Court on October 18,

26   2013.  They also filed a Motion to Dismiss (Doc. 5).  In their Motion to Dismiss,

27   CenturyLink and Voss assert the claims are time barred and that the Vosses are fraudulently

28   joined for the purpose of defeating diversity.  A response (Doc. 17) and a reply (Doc. 26)

have been filed.

On November 15, 2013, Plaintiffs filed a Motion to Remand (Doc. 16).  A response (Doc. 25) and a reply (Doc. 29) have been filed.

On November 22, 2013, Defendant Cassidian filed a Motion to Dismiss (Doc. 21) and a Request for Judicial Notice (Doc. 22).  Cassidian asserts the claims are time barred, Cassidian is protected by qualified immunity, Cassidian did not cause Plaintiffs' loss, and Plaintiffs are estopped from claiming Cassidian caused JML's death.  A response (Doc. 28) and a reply (Doc. 30) have been filed.

Oral argument was presented to the Court on January 27, 2014.  At that time, the Court granted Cassidian's Request for Judicial Notice (Doc. 22).  The Court judicially notices the February 6, 2012, Complaint, the June 21, 2013, Motion in Limine # 3, Evidence Related to the City's Non-Party-At-Fault Allegations Should be Excluded, and the July 9, 2013, Notice of Settlement filed in *Lugo v. City of Tucson*, in the Pima County Superior Court, Case No. C20120758.  The Court also takes judicial notice of news articles, as summarized by Plaintiffs:

> In a local news story from July 26, 2011—less than two years from filing the Complaint—it was reported that CenturyLink's official position was that all problems had been resolved during the installation procedure, and "in no case was public safety jeopardized." (KGUN9, 911 Glitches: Tucson Councilman Calls B.S. On Qwest Statement, July 26, 2011, Exhibit A) In a later news story, from August 9, 2011, it was reported that CenturyLink's position was that the problems were "administrative and procedural issues," and the solution was training and procedures. (KGUN9, Tucson Council Airs 911 Troubles, Aug. 9, 2011, Exhibit B)

Response to Cassidian Motion to Dismiss, Doc. 17, p. 7.

*Motion to Remand* (Doc. 16)

Defendants CenturyLink and Voss removed this action asserting Voss had been fraudulently joined for the purpose of defeating diversity.  Plaintiffs assert, however, that the Complaint states a valid claim against Voss under Arizona law as her negligence was a cause-in-fact of JML's death.

Federal courts are courts of limited jurisdiction.  U.S. Const. art. III.  As such, there

1  exists a "'strong presumption' against removal jurisdiction [which] means that the defendant
2  always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* 980 F.2d
3  564, 566 (9th Cir. 1992) (citations omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*,
4  553 F.3d 1241, 1244 (9th Cir. 2009). Further, the removal statute is to be strictly construed
5  against removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09
6  (1941). Additionally, "[f]ederal jurisdiction must be rejected if there is any doubt as to the
7  right of removal in the first instance." *Gaus*, 980 F.2d at 566.

8      "Except as otherwise expressly provided by Act of Congress, any civil action brought
9  in a State court of which the district courts of the United States have original jurisdiction,
10 may be removed by the defendant or the defendants to the district court of the United States
11 for the district and division embracing the place where such action is pending." 28 U.S.C.
12 § 1441(a). A parties' right to removal is further limited in cases where the district court's
13 jurisdiction is founded on diversity. 28 U.S.C. § 1441(b). Diversity actions are "removable
14 only if none of the parties in interest properly joined and served as defendants is a citizen of
15 the State in which such action is brought." 28 U.S.C. § 1441(b). This axiom is commonly
16 referred to as the "forum defendant rule."

17     The Ninth Circuit described the purpose of the forum defendant rule stating,
18 "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from
19 possible prejudices in state court. . . . The need for such protection is absent, however, in
20 cases where the defendant is a citizen of the state in which the case is brought." *Lively v.
21 Wild Oats*, 946 F.3d 933, 940 (9th Cir. 2006). "Thus, the overarching purpose of the forum
22 defendant rule is to prevent certain cases properly brought in state court from ending up in
23 federal court." *Standing v. Watson Pharmaceuticals, Inc.*, 2009 WL 842211, *3 (C.D. Cal.
24 Mar. 26, 2009). "Congress added the 'properly joined and served' requirement in order to
25 prevent a plaintiff from blocking removal by joining as a defendant a resident party against
26 whom it does not intend to proceed, and whom it does not even serve." *Sullivan v. Novartis
27 Pharmaceuticals Corp.*, 575 F.Supp.2d 640, 645 (D. N.J. 2008). Apparently, Congress
28 added the language to combat the problem of "fraudulent joinder." *Id.*

- 4 -

As the *Sullivan* court noted "the fact that the legislative history is all but silent on the issue [of the "joined and served" language] suggests that Congress did not intend to address a novel concern or fundamentally change the nature of, or narrow the scope of the rule. Indeed, the very lack of discussion in the legislative history strongly suggests that Congress intended nothing more than to bolster the already existing efforts of lower federal courts to prevent improper joinder." *Sullivan*, 575 F.Supp. 2d at 645.  Furthermore, where the purpose of the statute is to prevent gamesmanship by plaintiffs, it is difficult to comprehend why it should be allowed to promote gamesmanship by defendants. *See Standing*, 2009 WL 842211 at *4.

The fraudulent joinder of a party may be established in one of two ways:  (1) the defendant may facially attack plaintiff's complaint by showing the inability of the plaintiff to establish a cause of action against the non-diverse defendant based on the plaintiff's allegations or (2) the defendant may attempt to disprove jurisdictional facts alleged in the plaintiff's pleadings. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*).

Plaintiffs assert they have alleged a valid claim against Voss for gross negligence based on her position as manager of CenturyLink on the Project and because she did not take corrective steps when problems were reported to her.  Plaintiffs asserts Voss is liable for her own tortious conduct even if committed in the course and scope of employment. *Lombardo v. Albu*, 199 Ariz. 97, 100 ¶11, 14 P.3d 288, 291 (2000).

The allegations against Voss state:

9.     At all relevant times, defendant Diana Voss was acting in the course and scope of her employment with CenturyLink.

14.   Defendants did not disclose their gross negligence to Plaintiffs. . .

15.   Defendants wrongfully concealed facts of their gross negligence and prevented Plaintiffs from discovering that a claim against the defendants existed.

17.   Defendant Diana Voss agreed to serve as manager of the Project and agreed to be responsible for its successful completion.

20.   All defendants, and each of them, knew or had reason to know that the accuracy of the computer programing, including the accuracy of the trunk line

labeling, that was required as part of the Project was essential to the proper functioning of the Automatic Location Information/Automatic Number Information (ALI/ANI) feature of the City of Tucson's 911 system. All defendants, and each of them, knew or had reason to know that any errors in the programing, including any errors in the trunk line labeling, would cause the ALI/ANI feature of the 911 system to malfunction or function only intermittently. All defendants, and each of them, knew or had reason to know that malfunctioning or intermittent malfunctioning of the ALI/ANI feature of the 911 system would create an unreasonable risk of bodily injury to others, as well as the high probability that substantial harm would result.

22.   The defendants brought the City of Tucson's modified 911 system on-line on May 25, 2011. The modified system immediately began to exhibit several different types of serious malfunction. One type of malfunction was that the ALI/ANI information that should otherwise have been present was intermittently dropped from 911 calls with the result that the 911 call taker would not have the caller's correct address available on his or her computer screen to assist him to dispatch emergency services to the correct address.

23.   The intermittent loss of ALI/ANI information from incoming 911 calls was noticed by City of Tucson call center employees almost as soon as the modified system came on-line. It was reported to defendant Voss on or before May 27, 2011. Defendant's employees knew or had reason to know that with each new 911 call, the malfunctioning ALI/ANI feature of the 911 system was creating an unreasonable risk of bodily injury to others, as well as the high probability that substantial harm would result. Despite this actual or constructive knowledge, defendants did not correct the malfunctioning ALI/ANI feature of the 911 system before it had claimed the life of plaintiff's daughter [redacted: juvenile J.M.L.]

28.   [J.M.L.] dies as a direct and proximate consequence of defendants' gross negligence in mislabeling the trunk line and failing to correct he error in time to same [J.M.L.['s]] life.

Complaint, Doc. 1-4.

In Arizona, gross negligence is described as follows:

Whether gross negligence exists is generally a fact question for the jury, but it may be resolved on summary judgment if "no evidence is introduced that would lead a reasonable person to find gross negligence." *Walls v. Arizona Dept. of Public Safety*, 170 Ariz. 591, 595, 826 P.2d 1217, 1221 (App.1991); *see also* [*Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (Ariz. 1990)]. The evidence "must be more than slight and may not border on conjecture." *Walls*, 170 Ariz. at 595, 826 P.2d at 1221. To establish gross negligence, the claimant essentially must show wanton misconduct that "is flagrant and evinces a lawless and destructive spirit." *Scott v. Scott*, 75 Ariz. 116, 122, 252 P.2d 571, 575 (1953). *See also Williams v. Thude*, 188 Ariz. 257, 934 P.2d 1349 (1997); *Luchanski v. Congrove*, 193 Ariz. 176, 971 P.2d 636 (App.1998). As the court in *Walls* stated:

A party is grossly or wantonly negligent if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result.

*Walls*, 170 Ariz. at 595, 826 P.2d at 1221.

- 6 -

*Badia v. City of Casa Grande*, 195 Ariz. 349, 357, 988 P.2d 134, 142 (App. 1999). Essentially, Voss is alleged to have been the manager of a Project that involved programing errors and when she was advised of those error, she did not take adequate, timely steps to rectify the problems. As the Project involved a 911 system, the allegations are sufficient that a reasonable person would have realized her conduct not only create an unreasonable risk of bodily harm to others but also involved a high probability that substantial harm will result.

By alleging Voss, after being advised of the errors, failed to take adequate, timely steps to rectify the problems, Plaintiffs' Complaint includes sufficient factual allegations "to raise a right to relief above the speculative level" against Voss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]").

However, the Ninth Circuit has indicated that consideration of the statute of limitations may be appropriate in determining whether a party has been fraudulently joined. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998).

*Statute of Limitations*

The parties dispute the application of case law that discuss the triggering of the running of the statute of limitations. CenturyLink argues that Plaintiffs "need not know all the facts underlying a cause of action." *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d 990, 996 (Ariz. 2002). Rather, Plaintiffs needed only "possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Id*. at 996. After having that notice, Plaintiffs had "an affirmative duty to investigate with due diligence to discover the necessary facts" underlying a wrong. *Doe*, 202 Ariz. At 316. CenturyLink argues Plaintiffs

were on notice of the injury and the wrong was such that they were "immediately put . . . on notice that the result [was] not only unfavorable but might be attributable to some fault and should be investigated." *Walk*, 202 Ariz. at 316.

The Ninth Circuit and Arizona do not resolve this issue in the same way. Federal case law recognizes that a claim can accrue before a plaintiff knows the identity of a specific defendant. *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir.2008) ("accrual does not await a plaintiff's awareness, whether actual or constructive, of the government's negligence") (citing *United States v. Kubrick*, 444 U.S. 111, 125 (1979)); *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir.1986) (FTCA claim accrued when plaintiffs learned of property destruction caused by fire, and not later when plaintiffs allegedly discovered that FBI agents had hatched plot to burn garage); *Dyniewicz v. United States*, 742 F.2d 484, 486–87 (9th Cir.1984) (finding that claim accrued when the plaintiffs "knew both the fact of injury and its immediate physical cause" and that "ignorance of the involvement of United States employees is irrelevant" to determining when the claim accrued). The Supreme Court of Arizona has stated, however:

> [I]t is not enough that a plaintiff comprehends a "what"; there must also be reason to connect the "what" to a particular "who" in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault.

*Walk*, 202 Ariz. at 316. Although Plaintiffs knew of the injury and that a wrong occurred, the question remains whether they have adequately alleged they had no basis to connect Defendants to that injury and wrong in such a way a reasonable person would be on notice to investigate.

*Discovery Rule*

Plaintiffs assert the discovery rule applies to wrongful death actions, *Anson v. American Motors Corp.*, 155 Ariz. 420, 426, 747 P.2d 581, 587 (App. 1987), and that it presents an issue of fact that must be resolved by a jury. *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 159, 871 P.2d 698, 705 (App. 1993); *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998) ("[w]hen discovery occurs and a cause of action accrues are usually and necessarily questions

1   of fact for the jury"); *ML Servicing Co. v. Greenberg Traurig, LLP*, No. CV11–0832–PHX
2   DGC, 2011 WL 3320916, *5 (D. Ariz. Aug. 2, 2011) (citation omitted) ("The discovery issue
3   itself involves questions of reasonableness and knowledge, matters which courts are
4   particularly wary of deciding as a matter of law.").

5          Under the discovery rule, a cause of action does not accrue until a plaintiff knows, or
6   with reasonable diligence should have known, the facts underlying the cause of action. *Doe*
7   *v. Roe*, 191 Ariz. 313, 955 P.2d 951, 960 (Ariz.1998).  The rationale for the discovery rule
8   is "that it is unjust to deprive a plaintiff of a cause of action before the plaintiff has a
9   reasonable basis for believing that a claim exists." *Gust, Rosenfeld & Henderson v.*
10  *Prudential Ins. Co. of Am.*, 182 Ariz. 586, 898 P.2d 964, 967 (Ariz.1995) (stating that the
11  discovery rule applies to breach of contract actions).  "The burden of establishing that the
12  discovery rule applies to delay the statute of limitations rest[s] on plaintiff." *Breeser v.*
13  *Menta Group, Inc., NFP*, 934 F.Supp.2d 1150, 1158 (D.Ariz. 2013) (citations omiited).[1]

14         Plaintiffs assert the complaint states they did not learn of the reason for the failure of
15  the new 911 system and Defendants' gross negligence in causing it until within two years of
16  filing this lawsuit.  Without this knowledge, Plaintiffs initially brought suit against the City
17  of Tucson and the 911 call center employee who answered the call only.  It was during that
18  lawsuit that CenturyLink was noticed as a non-party at fault on May 4, 2012, and supporting
19  information was provided to Plaintiffs.  Plaintiffs argue this sufficiently alleges a set of facts
20  that establishes the timeliness of the claim:

21         A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the
           applicable statute of limitations only when the running of the statute is apparent on
22         the face of the complaint. A complaint cannot be dismissed unless it appears beyond
           doubt that the plaintiff can prove no set of facts that would establish the timeliness of
23         the claim.

24  _____

25         [1]Plaintiffs cite to *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th
26  Cir. 2012), for the assertion that the ultimate burden to demonstrate a reasonably diligent
    plaintiff would have discovered facts constituting a violation is on a defendant.  However,
27  that case dealt with a federal securities fraud claim.  *Breeser* discusses the discovery rule in
28  context of Arizona statutes and common law.

- 9 -

1 | *Von Saher v. Norton  Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)
2 | (internal quotations and citations omitted).

3 |      Cassidian argues Plaintiffs' allegations that they did not learn of Defendants' alleged
4 | liability until within two years of the filing of the Complaint are conclusory and do meet the
5 | pleading requirements as set forth in *Twombly* and *Iqbal*, which demand more than "an
6 | unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677 (citing
7 | *Twombly*, 550 U.S. at 555).  Similarly, CenturyLink argues Plaintiffs do not allege any
8 | details about when and how they learned the source of their harm, or why they could not
9 | have discovered the claim earlier if they had exercised due diligence as they were required
10 | to do.

11 |      CenturyLink and Cassidian cite to *Sierra-Sonora Enterprises, Inc. v. Domino's Pizza,*
12 | *LLC*, CV 10-0105-PHX-JAT, 2010 WL 4575694, at *2-5 (D. Ariz. Nov. 4, 2010), for the
13 | assertion that claims are appropriately dismissed as time-barred when the plaintiffs did not
14 | plead any facts explaining how they could not discover with reasonable diligence that the
15 | plaintiffs' injury was difficult to detect prior to the statute of limitations deadline.  Further,
16 | Defendants point out that Plaintiffs have failed to allege that they could not have discovered
17 | claims against Defendants earlier if they had been more diligent.

18 |      Although *Sierra-Sonora* is not binding precedent, the Court finds the analysis to be
19 | well-taken.  In this case, Plaintiffs have similarly failed to adequately allege they had no basis
20 | to connect Defendants to that injury and wrong in such a way a reasonable person would be
21 | on notice to investigate.  However, it has not been shown that no set of adequate facts can
22 | be alleged.  Dismissal without leave to amend on this basis, therefore, would be
23 | inappropriate.

24 |

25 | *Wrongful Concealment*

26 |      Plaintiffs allege Defendants wrongfully concealed facts of their gross negligence, did
27 | not disclose their gross negligence to Plaintiffs, and prevented Plaintiffs "from discovering
28 | that a claim against the defendants existed[.]" Complaint, Doc. 1, ¶ 15. Cassidian argues this

invokes Fed.R.Civ.P. 9(b), which requires Plaintiffs to "state with particularity the circumstances constituting" the wrongful concealment. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir.1980) ("The plaintiff must plead with particularity the circumstances surrounding the fraudulent concealment and state facts showing his due diligence in trying to uncover the facts."); *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996) (failure to plead allegedly concealed facts in a complaint waives this tolling defense). CenturyLink similarly argues fraudulent concealment has not been adequately alleged. *Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986).

In their Complaint, Plaintiffs allege:

14.    Defendants did not disclose their gross negligence to Plaintiffs.  Plaintiffs discovered evidence of the defendants' gross negligence less than two years before the date of the filing of this complaint.

15.    Defendants wrongfully concealed facts of their gross negligence and prevented Plaintiffs from discovering that a claim against the defendants existed.

Complaint, Doc. 1-4.

Plaintiffs allegations as to fraudulent concealment are inadequate.  Even if the Court did not consider Fed.R.Civ.P. 9, the allegations would not be sufficient.  However, again, it has not been shown that no set of facts can be adequately alleged.

*Conclusion as to Motion to Remand*

There is no basis to conclude Plaintiffs have joined Voss without intending to proceed against her (e.g., Voss has been served) as discussed in *Sullivan*, 575 F.Supp.2d at 645.  Nor is there any other basis to conclude that Voss has been fraudulently joined.  Although CenturyLink argues Voss was included only to avoid diversity, that does not affect the conclusion that a valid claim is stated against Voss – in other words, CenturyLink has not provided any authority for its implied assertion that a motive to avoid diversity is enough, *even though a valid claim is stated*, to warrant dismissal.  Based on the policy against

removal generally, and in favor of allowing plaintiffs to choose their forum, along with the valid claim stated against Voss, remand to the Arizona state court is proper. *See e.g. Hanson v. Bravo Environmental NW, Inc.*, No. 3:13–cv–00704–SI, 2013 WL 4859319 *4 (D.Or. 2013) (". . . Defendants still cannot prove that Plaintiffs have no "possibility" of succeeding on the state law claim because of the statute of limitations. Plaintiffs have asserted sufficient facts that raise the issue of the discovery rule, and resolving all doubt in favor of remand, this is enough to find that Defendants have not met their "heavy burden."); *Couzens v. Fortis Ins. Co.*, No. CV–09–279–PHX–FJM, 2009 WL 2072009 * 3 (D.Ariz. 2009) ("Unlike *Ritchey*, it is not clear under the settled law of Arizona that plaintiffs' claims would be time barred under any theory. We conclude, therefore, that defendants have failed to show fraudulent joinder. We thus do not have subject matter jurisdiction over this action.").

However, as the Court necessarily considered the statute of limitations issue and determined a claim has not been adequately alleged to toll the statute of limitations, dismissal on this basis is also appropriate. The Court, therefore, will grant the Motion to Remand, but also grant the Motions to Dismiss as to the statute of limitations issue. However, the dismissal will be with leave to amend by the filing of an amended complaint in the remanded state court action.

Additionally, Plaintiffs request attorneys' fees because CenturyLink did not have an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). While the Court agrees Plaintiffs have adequately stated a claim for gross negligence as to Voss, the Court has also determined that Plaintiffs have not sufficiently alleged tolling of the statute of limitations based on the discovery rule and fraudulent concealment. Therefore, it cannot be said CenturyLink did not have an objectively reasonable basis for removal. The Court will deny the request for attorneys' fees.

*Other Arguments for Dismissal*

In light of the Court's conclusion that remand is warranted, it is appropriate for the state court to resolve the remaining dismissal issues. In other words, because Voss is not

fraudulently joined, the state court should determine whether gross negligence has been adequately alleged against Defendants other than Voss and if qualified immunity, causation, or estoppel requires dismissal. *See e.g., Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998) (where court does not have subject matter jurisdiction, "the court is not in a position to act and its decisions cannot generally be enforced"). Additionally, Plaintiffs can determine whether to seek leave to depose Voss prior to the filing of an amended complaint from the state court.

Accordingly, IT IS ORDERED:

1.    The Motions to Dismiss (Docs. 5 and 21) are GRANTED IN PART AND DENIED IN PART. Plaintiffs' Complaint (Doc. 1-4) is DISMISSED WITH LEAVE TO AMEND. Plaintiffs shall file an amended complaint in state court within 20 days of the date of this Order or within the time period that may be set by the state court.

2.    The Motion to Remand (Doc. 16) is GRANTED.

3.    Plaintiffs' request for attorneys' fees is DENIED.

4.    This matter is REMANDED to the Pima County Superior Court (Cause # C20133878) pursuant to 28 U.S.C. § 1447.

5.    The Clerk of Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court.

6.    The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 14th day of February, 2014.

_____
Cindy K. Jorgenson
United States District Judge